IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charna Sherman, | Case No. 1:18cv2887 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Sardar Biglari, et al., | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

Currently pending is Plaintiff Charna Sherman's Motion for Reconsideration and to Transfer Venue to the Southern District of New York. (Doc. No. 74.) Defendants filed a Brief in Opposition, to which Plaintiff responded. (Doc. Nos. 75, 76.) For the following reasons, Plaintiff's Motion is DENIED.

**I.  Background**

On December 17, 2018, Plaintiff Charna Sherman ("Plaintiff" or "Sherman") filed a *pro se* Complaint against Sardar Biglari; Maxim, Inc.; Latham & Watkins, LLP; Christopher Clark; and Sandeep Savla, asserting state law claims for malicious prosecution, abuse of process, and violations of New York Judiciary Law § 487. (Doc. No. 1.) Plaintiff is an attorney admitted and practicing in Ohio. (*Id*. at ¶ 27.) Defendant Sardar Biglari is a resident of Texas. (*Id.* at ¶ 38.) Defendant Maxim, Inc.'s principal headquarters are located in New York. (*Id.* at ¶ 39.) Defendants Clark and Savla reside in New York and are attorneys at Defendant Latham & Watkins, LLP. (*Id*. at ¶¶ 47, 49, 50, 52.) Plaintiff alleged that Defendant Latham & Watkins, LLP "is a global law firm with 30 offices

located in 14 countries, but no office in Ohio." (*Id.* at ¶ 40.)  She further alleged that "upon information and belief, Latham is not a citizen of Ohio." (*Id.*)

In sum,[1] Plaintiff alleges that Defendants knowingly and willfully conspired and participated in a scheme to harass, bully, and intimidate her for representing a former Maxim employee, Jason Feifer.  Specifically, Plaintiff alleges that, in December 2015, she contacted Defendants Savla and Clark (who represented Defendants Biglari and Maxim) as part of an effort to renegotiate Feifer's release and severance agreement with Maxim.  Over the course of the next few weeks, Defendants Savla and Clark exchanged several emails and telephone calls with Plaintiff in Ohio.  Plaintiff alleges that Defendants Savla and Clark surreptitiously recorded three of these telephone calls without her knowledge or consent.  While allegedly pretending to consider Plaintiff's settlement offer, Defendants filed a lawsuit against both Plaintiff and Feifer in New York state court, seeking (1) a declaratory judgment regarding the enforceability of Feifer's non-disclosure agreement; and (2) an injunction enjoining Plaintiff and Feifer from disclosing confidential information to third parties.  Shortly thereafter, Defendants secured a Temporary Restraining Order against both Plaintiff and Feifer.

The New York state court later found that Plaintiff could no longer represent Feifer.[2]  In July 2018, Feifer asserted counterclaims against Maxim and Biglari for fraudulent inducement, malicious prosecution, and abuse of process.  In January 2019, the state trial court issued an Order dismissing all three of Feifer's counterclaims.  *See Maxim v. Gross*, 2019 WL 132529 (N.Y. Sup. Ct. Jan. 8,

---

[1] The factual allegations set forth in Plaintiff's Complaint are set forth at length in this Court's June 4, 2020 Memorandum Opinion & Order and will not be repeated in full herein.

[2] The New York state court also disqualified Defendant Latham & Watkins from representing Biglari and Maxim.

2019). On appeal, the state appellate court reversed the dismissal of Feifer's fraudulent inducement claim but did not disturb the dismissal of his malicious prosecution and abuse of process claims. *See Maxim v. Gross,* 179 A.D.3d 536, 537 (2020).

Meanwhile, Plaintiff filed her Complaint in this Court in December 2018, asserting claims of abuse of process and malicious prosecution against Defendants for filing the New York state court action "and securing orders to restrain and silence [her] for grossly improper purposes, including to bully, intimidate, punish, and incapacitate her as a lawyer, and harm her legal career, her law practice and her livelihood in Cleveland, Ohio." (Doc. No. 1 at ¶¶ 24, 328-340.) She also asserted a claim for violation of N.Y. Jud. Law Section § 487 based on Defendants' alleged misrepresentations to the New York state courts. (*Id.* at ¶¶ 24, 341-347.)

On February 15, 2019, the above Defendants moved for dismissal of Plaintiff's Complaint in its entirety on the basis of (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, and (4) failure to state a claim. (Doc. Nos. 8, 9.) Of particular relevance, Defendants argued that this Court did not have subject matter jurisdiction because the parties lacked complete diversity and Plaintiff did not allege a federal question. (Doc. No. 9 at 1, 4.) In support of this argument, Defendants asserted that one of Defendant Latham's partners, Michael Haas, is a citizen of Ohio, thereby destroying diversity jurisdiction. (*Id.* at p. 4-5.)

Plaintiff then filed an Unopposed Motion to drop Latham & Watkins LLP as a Defendant pursuant to Fed. R. Civ. P. 21, in order to retain diversity jurisdiction. (Doc. No. 23.) Plaintiff's motion was granted by then-assigned District Judge Christopher Boyko in a non-document Order. *See* Non-Document Order dated April 30, 2019.

3

In a separate filing, Plaintiff opposed Defendant's Motion to Dismiss with respect to the issues of personal jurisdiction, venue, and whether the Complaint stated claims for relief.  (Doc. No. 24.)  With regard to the issue of venue, Plaintiff argued, summarily, that venue was proper in this Court because Defendants "committed the unethical, unlawful, and tortious acts alleged in this venue, and caused substantial injury here."  (*Id.* at p. 13.)  In addition, in a footnote, Plaintiff stated that "[i]f the Court nonetheless dismisses the case for lack of venue, Plaintiff prays for the opportunity to move in the alternative to transfer to the Southern District of New York pursuant to 28 U.S.C. § 1404."  (*Id.* at fn 15.)  Plaintiff did not seek a transfer pursuant to 28 U.S.C. § 1631, either in her briefing on Defendants' Motion to Dismiss or via a separate Motion to Transfer.

Shortly thereafter, the parties filed a joint motion, in which they "agree[d] that instead of requiring Plaintiff to file an amended complaint, it is proper to simply drop Latham as a defendant and proceed with the current complaint."  (Doc. No. 26.)  On May 3, 2019, the Court granted the motion in part, stating that: "On or before May 10, 2019, Plaintiff shall file an Amended Complaint removing Latham & Watkins, LLP as a Defendant and removing any of the substantive claims asserted against Defendant Latham.  Since there will be no new claims or allegations asserted, and in view of the parties' joint agreement, the pending Motion to Dismiss (ECF DKT #8) will be deemed filed as against the Amended Complaint and will not be mooted."  (Doc. No. 27.)

On May 7, 2019, Plaintiff filed her First Amended Complaint.  (Doc. No. 29.)  Defendants then filed a Motion to Strike Substantive Changes, in which they argued that Plaintiff had improperly "added new and irrelevant substantive allegations to what was already a 143-page slog of insults, profanity, unattributed quotations, and gratuitous references to current events."  (Doc. No. 32.)  Plaintiff opposed the motion.  (Doc. No. 36.)

The Court[3] referred the Motion to Magistrate Judge Baughman. (Doc. No. 46.) On September 23, 2019, Judge Baughman issued an Order granting the motion and striking Plaintiff's First Amended Complaint. (Doc. No. 57.) Rather than requiring Plaintiff to refile a proper First Amended Complaint, Judge Baughman attached a redlined version of the Complaint to his Order that removed language in accordance with Judge Boyko's Order. (*Id.*) Judge Baughman then "incorporate[d] by reference Attachment 1 to this order, which shall be deemed the First Amended Complaint in this case." (*Id.*) Thus, Attachment 1 to Judge Baughman's September 23, 2019 Order (Doc. No. 57-1) constitutes the operative Complaint in this matter.

Meanwhile, on May 22, 2019, Defendants filed a "Motion to Continue Stay of Discovery Until Personal Jurisdiction Issue is Decided." (Doc. No. 31.) In response, Plaintiff asked the Court to permit her to proceed with jurisdictional discovery, citing a number of alleged factual disputes relevant to the issue of Defendants' alleged contacts with the State of Ohio. (Doc. No. 34.) On August 5, 2019, the Court issued an Order finding that limited jurisdictional discovery was warranted. (Doc. No. 45.)

On September 27, 2019, the parties filed a Joint Motion for a Supplemental Briefing schedule, which the Court granted. (Doc. No. 61.) Supplemental Briefing regarding the issue of personal jurisdiction was thereafter filed in October and November 2019. (Doc. Nos. 65, 67, 68, 69.) Plaintiff also filed Supplemental Authority in January 2020, to which Defendants responded. (Doc. Nos. 70, 71.)

---

[3] On June 27, 2019, this matter was reassigned to the undersigned pursuant to General Order 2019-13.

On June 4, 2020, the Court issued a Memorandum Opinion & Order in which it granted Defendants' Motion to Dismiss on the basis of lack of personal jurisdiction. (Doc. No. 72.) The Court did not reach the issues of improper venue or failure to state a claim and, therefore, Defendants' Motion was denied as moot with respect to these issues. (*Id.*)

On June 12, 2020, Plaintiff filed a Motion for Reconsideration and to transfer Venue to the Southern District of New York ("S.D.N.Y.") pursuant to 28 U.S.C. § 1631. (Doc. No. 74.) Defendants filed a Brief in Opposition on June 26, 2020, to which Plaintiff responded on July 6, 2020. (Doc. Nos. 75, 76.)

## II.  Legal Standard

Plaintiff seeks relies under Fed. R. Civ. P. 60(b).[4] That Rule provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[4] Plaintiff also references Fed. R. Civ. P. 59(e) in her Motion. (Doc. No. 74 at p. 1.) However, as Plaintiff is seeking relief from a final judgment, the Court construes her post-judgment Motion under Fed. R. Civ. P. 60(b).

Before a court may grant a motion under Rule 60(b), "a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *United States v. Rohner*, 634 Fed. Appx 495, 506 (6th Cir. 2015) (quoting *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 543 (6th Cir. 2004)). "Application of Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Id.* (quoting *Tyler v. Anderson,* 749 F.3d 499, 509 (6th Cir. 2014)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509.

### III.    Analysis

In her Motion, Plaintiff requests that, pursuant to 28 U.S.C. § 1631, the Court transfer the instant case pursuant to the S.D.N.Y., "where both jurisdiction and venue indisputably exist." (Doc. No. 74.) She maintains that the interests of justice would be served by allowing a transfer, noting that she filed her case in Ohio in good faith and "the Court nowhere in its lengthy analysis of the applicable and complex jurisprudence appears to even suggest that her bases of jurisdiction were patently frivolous." (*Id.* at p. 3.)

Section 1631 provides that if a civil action or appeal is filed in a court lacking jurisdiction,[5] "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28

---

[5] The Sixth Circuit interprets "jurisdiction" under this statute to include both subject matter and personal jurisdiction. *See Roman v. Ashcroft,* 340 F.3d 314, 328 (6th Cir. 2003); *Jackson v. L&F Martin Landscape*, 421 Fed. Appx. 482, fn 1 (6th Cir. 2009); *Flatt v. Aspen Dental Management*, 2019 WL 6044159 at * 1 (S.D. Ohio Nov. 15, 2019).

U.S.C. § 1631. Upon such transfer, "the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." *Id.*

"A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) 'transfer would not be in the interest of justice.'" *Roman v. Ashcroft,* 340 F.3d 314, 328 (6th Cir. 2003) (quoting Jeffrey W. Tayon, The Federal Transfer Statute: 28 U.S.C. § 1631, 29 S. Tex. L. Rev. 189, 214 (1987)). As another district court in this Circuit recently recognized, "[s]pecific guidance concerning whether a case should be transferred 'in the interests of justice'" under § 1631 is "limited." *Stehle v. Venture Logistics*, 2020 WL 127707 at * 8 (S.D. Ohio Jan. 10, 2020). However, it appears that, in determining whether transfer is in the interest of justice, one of the key factors considered by the Sixth Circuit is whether the plaintiff's decision to initiate the action in the original district was reasonable. *See, e.g., Stanifer v. Brannan*, 564 F.3d 455, 456 (6th Cir. 2009). *See also Vargo v. D&M Tours, Inc.,* 2020 WL 999793 at * 4 (N.D. Ohio March 2, 2020).

The decision of whether to transfer or dismiss is within the Court's discretion. *See Stanifer v. Brannan*, 564 F.3d 455, 456 (6th Cir. 2009) (Sections 1406(a) and 1631 "confer broad discretion in ruling on a motion to transfer"); *Jackson v. L&F Martin Landscape,* 421 Fed. Appx 482, 483-84 (6th Cir. 2009)(same). *See also Stehle v. Venture Logistics, LLC*, 2020 WL 127707 at * 8 (S.D. Ohio Jan. 10, 2020); *Vargo,* 2020 WL 999793 at * 4.

Defendants argue that Plaintiff's Motion should be denied for several reasons. (Doc. No. 75.) First, Defendants assert that it is improper for Plaintiff to ask this Court to transfer this action to the S.D.N.Y when she failed to seek transfer under § 1631 prior to judgment. (*Id.* at p. 4.) Second,

Defendants argue that transfer to the S.D.N.Y is not permissible under the plain language of § 1631 because Plaintiff could not have brought the instant action in that court at the time the Complaint was originally filed due to the fact that then-Defendant Latham destroyed complete diversity. (*Id*. at pp. 6-7.) Third, Defendants argue that transfer to the S.D.N.Y is not in the interest of justice because (1) Plaintiff had no reasonable basis to file the instant action in Ohio; (2) she "failed to take elementary steps to protect herself" by filing a protective suit in New York.; (3) her underlying claims are meritless; and (4) New York state court is the most appropriate forum for Plaintiff's claims. (*Id*. at pp. 8-14.)

The Court will address each of these arguments separately, below.

**A.    Waiver**

Defendants first argue that Plaintiff's Motion should be denied because she failed to request a transfer under § 1631 at any time prior to judgment. (Doc. No. 75 at p. 4.) Plaintiff notes that she did, in fact, make a pre-judgment request to file a motion seeking transfer, albeit pursuant to a different venue statue, 28 U.S.C. § 1404.[6] (Doc. No. 76 at p. 2.) She further asserts that at least one district court in this Circuit recently rejected a similar waiver argument on the basis of the directive in § 1631 that a district court "shall" transfer an action if it is in the interest of justice. (*Id.*)

---

[6] There are several federal statutes that relate to transfer of venue. Under 28 U.S.C. § 1404(a), when "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." Section 1404(a) presupposes that venue is proper in the original forum. *Elcheikhali v. Geico Ins. Co*., 2010 WL 301905, at *2 (N.D. Ohio Jan. 19, 2010) ("The purpose of the provision is to transfer actions brought in a permissible yet inconvenient forum.") (emphasis in original) (relying on *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980)). If a court lacks personal jurisdiction over a party, then it cannot grant transfer pursuant to 1404(a). *See Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015). When venue is improper in the original forum, § 1406(a) enables a district court, in lieu of dismissal, to transfer venue "if it be in the interest of justice ... to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Finally, § 1631 authorizes a district court to transfer a case to an appropriate district, "in the interest of justice," when the court finds "a want of jurisdiction." *Stanifer v. Brannan*, 564 F.3d 455, 456-457 (6th Cir. 2009).

9

In *Baker v. Bensalz Productions, Inc.*, 2020 WL 2059717 (S.D. Ohio April 28, 2020), the court granted the defendants' motion to dismiss on the basis of lack of personal jurisdiction. The plaintiffs then filed a motion for reconsideration, in which they requested that the court transfer the action pursuant to either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1613. Like here, defendants argued that plaintiffs' request should be denied because they failed to raise the issue of venue prior to judgment. The district court rejected that argument, explaining as follows:

> One of the statutes on which Plaintiffs rely in support of their request for a transfer, 28 U.S.C. § 1631, provides that, if a court in a civil action finds it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to any other court in which the action could have been brought at the time it was filed. (emphasis added). [fn omitted]. The word "shall" indicates that the action is mandatory. *See Hewitt v. Helms*, 459 U.S. 460, 471 (1983) (referring to "shall," "will," and "must" as "language of an unmistakably mandatory character"), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion."). Therefore, the statute requires that a district court, once it determines it lacks personal jurisdiction, consider transferring the case to a different jurisdiction if justice so requires.
>
> In light of this statutory language, it may well be the case that a party cannot "waive" its ability to seek such a transfer. The Sixth Circuit has suggested as much, stating that "a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction 'if it is in the interest of justice.'" *Woody v. Marberry*, 178 F. App'x 468, 473 (6th Cir. 2006) (emphasis added) (quoting 28 U.S.C. § 1631); *see also Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (acknowledging that "a district court has the power to *sua sponte* transfer a case"). This interpretation aligns with decisions by courts in other jurisdictions faced with similar facts, who refused to find a plaintiff waived their right to transfer, given § 1631's mandatory language. *See, e.g., Young v. State Gov't of Okla.*, 98 F. App'x 760, 763 (10th Cir. 2004) (finding that the plaintiff did not waive his right to raise the issue of transfer, but ultimately concluding the interest of justice supported denying the request).
>
> Moreover, even if the statute does not mandate that a court *sua sponte* consider a transfer, but instead creates only a waivable right for a party to seek such transfer, the strong statutory language at the very least suggests that a court should not lightly impute such a waiver. *See, e.g., Young*, 98 F. App'x at 763. Here, any "waiver" would be a waiver by omission, as Plaintiffs never expressly disclaimed an interest in

>transfer, but merely failed to raise the issue, which hardly suggests a knowing, intelligent, and voluntary relinquishment of a right.
>
>Furthermore, courts have also interpreted the phrase "if it is in the interest of justice" in the statute to confer discretion on a district court in deciding whether to transfer an action or instead dismiss it without prejudice. *See, e.g., id.* at 763–64 (reviewing the district court's decision for an abuse of discretion). Just as the Defendants point out, this decision is "within the district court's sound discretion." (Excel's Opp'n at #688). Thus, even if the issue of transfer is waivable and waived, it appears a court would still have discretion to consider the issue if the court deems it appropriate, which the Court does here.

*Baker*, 2020 WL 2059717 at * 2-3.

Here, the Court declines to find that Plaintiff waived the issue of transfer under § 1631. Although Plaintiff did not formally request a transfer of venue under this particular section, she did express an interest in a transfer to the S.D.N.Y. prior to judgment (albeit in a footnote and pursuant to § 1404). Certainly, it would have been better practice for Plaintiff to clearly and timely seek relief under § 1631. However, under the circumstances presented, the Court is not inclined to find a waiver. While the Sixth Circuit has not directly ruled on this issue, it has left open the possibility that there may be circumstances in which district courts should *sua sponte* consider the issue of transfer under § 1631.[7] *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. Appx. 468, fn 4 (6th Cir. 2012) (stating that "[w]e do not preclude the possibility that a district court's failure to *sua sponte* transfer a case may constitute an abuse of discretion" under certain circumstances.) Moreover, at least one

---

[7] The Sixth Circuit explained that one such circumstance is "where the interest of justice clearly warrant[s] a transfer, *cf. Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir.2005) ("A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." (citations omitted)), **and the court was aware of such circumstances**." *Cosmichrome*, 504 Fed. Appx at fn 4 (emphasis added). Here, the parties now seem to agree that at least two of Plaintiff's claims would be time-barred on refiling in the S.D.N.Y. This potential time-bar was not brought to the Court's attention in the context of Defendants' Motion to Dismiss. Because the Court was not aware of this issue when it resolved Defendants' Motion, this is not a case where transfer under § 1631 should have been *sua sponte* considered. Nonetheless, for the reasons discussed above, the Court will not deem the issue waived and will consider the appropriateness of transfer under § 1631, *infra.*

Circuit Court of Appeals has expressly found that a motion to transfer venue is not necessary in light of the use of the word "shall" in § 1631. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) ("Although Miller did not move the district court to transfer the case, we have held that '[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions.' ") (quoting *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir.1987)).

Accordingly, under the particular circumstances presented, the Court rejects Defendants' argument that Plaintiff waived the issue of transfer of venue under § 1631.

### B. Whether Transfer is Permissible under § 1631 where S.D.N.Y. would not have had subject matter jurisdiction at the time the original Complaint was filed

Defendants next argue that Plaintiffs' Motion should be denied because "it fails to meet the substantive requirements of Section 1631." (Doc. No. 75 at p. 6.) Specifically, Defendants note that § 1631 only permits transfer to a court "in which the action . . . could have been brought at the time it was filed." (*Id*.) Defendants assert that, here, the District Court for the Southern District of New York would have lacked subject matter jurisdiction over the instant action at the time it was filed because complete diversity jurisdiction did not exist between Plaintiff and the named Defendants, which then included Latham & Watkins. (*Id.*)

Plaintiff argues that Defendants' reading of § 1631 is overly narrow. (Doc. No. 76 at p. 3.) She argues that "multiple decisions in the Sixth Circuit have more liberally construed the statute to mean transfer just 'to the appropriate federal jurisdiction.'" (*Id.*) Plaintiff insists that she "*could* have filed her case with Latham as a defendant in the S.D.N.Y., just like she did in this Court." (*Id*.) (emphasis in original). Specifically, she asserts that, although diversity jurisdiction would have been lacking if she had originally filed in that court, she could have later filed a motion in the S.D.N.Y. to drop Latham as a defendant (just as she did herein) in order to retain diversity jurisdiction. (*Id.*)

12

As Defendants correctly note, § 1631 provides (in relevant part) that a district court "shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . ." 28 U.S.C. 1631. Interpreting this statute, courts have strictly held that a transfer under this section can only be made if the action could have been brought in the transferee court "at the time it was filed or noticed." *See Janvey v. Proskauer Rose, LLP*, 59 F.Supp.3d 1, 6 (D.D.C. 2014) ("However, the question remains as to whether this action could have been brought in the Northern District of Texas *at the time it was filed*—as required by statute.") (emphasis in original). *See also Remmie v. U.S.,* 98 Fed. Cl. 383, 387 (2011); *Kenny v. Prisoner Transport Services, LLC,* 2019 WL 3202165 at * 3 (M.D. Pa. July 16, 2019). This includes a finding that the transferee court would have had (1) subject matter jurisdiction, (2) venue, and (3) personal jurisdiction, at the time the action was filed. *See American Fin. Resources, Inc., v. Smouse*, 2018 WL 6839570 at * 8 (D.N.J. Dec. 31, 2018). *See also Kier Brothers Inv. Inc. v. White*, 943 F.Supp. 1 (D.D.C. 1996) (finding dismissal, rather than transfer, was only appropriate remedy under § 1631 because "no other federal court could exercise jurisdiction pursuant to 28 U.S.C. § 1332, the sole basis for jurisdiction alleged by plaintiff, because the parties are non-diverse").

The instant case presents an unusual circumstance. It is now apparent that, at the time the original Complaint was filed, complete diversity jurisdiction was lacking because one of then-Defendant Latham & Watkins' partners was an Ohio citizen. Thus, at the time this action was filed, *no* federal court would have had subject matter jurisdiction. Here, Plaintiff remedied the jurisdictional defect by filing a Motion to Drop Lathan & Watkins as a Defendant pursuant to Fed. R. Civ. P. 21, which Defendants did not oppose. Then-assigned District Judge Boyko granted the Motion, thus allowing this Court to retain subject matter jurisdiction under Sixth Circuit precedent.

13

*See Soberay Machine & Equipment Co. v. MRF Ltd., Inc*., 181 F.3d 759, 763 (6th Cir. 1999) ("'Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party. It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.'") (quoting *Safeco Ins. co. v. City of White House, Tenn*., 36 F.3d 540, 545 (6th Cir. 1994)).

None of the cases cited by either party herein consider how this unique situation should be addressed under § 1631; i.e., when a plaintiff files a complaint in federal court that lacks subject matter jurisdiction, later amends the complaint to cure the jurisdictional defect, and then seeks transfer under § 1631 to another federal jurisdiction. For the following reasons, the Court finds that transfer is not permissible under that statute. The plain language of § 1631 is clear: a district court may transfer an action "to any other such court . . . in which the action or appeal could have been brought **at the time it was filed**." 28 U.S.C. 1631 (emphasis added). No exception is made in the statute itself for circumstances where a plaintiff could add or drop parties and/or claims in an amended complaint in order to cure a jurisdictional defect. Further, Plaintiff cites no legal authority directly addressing this circumstance that supports such a reading of the statute.[8] If Congress wanted to allow transfer under circumstances such as those presented herein, it could have included language in §

---

[8] Plaintiff cites several cases for the proposition that § 1631 should be liberally construed to mean transfer to any "appropriate" federal jurisdiction. *See* Doc. No. 76 at p. 3 (citing *Woody v. Marberry*, 178 Fed. Appx. 468 (6th Cir. 2006), *Stanifer v. Brannan,* 564 F.3d 455 (6th Cir. 2009); *Baker*, 2020 WL 2059717; *Cosmichrome,* 504 Fed. Appx. at 472; *Roman*, 340 F.3d at 328.) The Court has carefully reviewed each of these cases and finds that none involve or address the specific circumstances presented herein.

14

1631 to allow for such a result.  It did not and, in the absence of any controlling authority otherwise, the Court declines to do so.

Here, it is undisputed that, at the time the Complaint was filed, the District Court for the Southern District of New York would not have had subject matter jurisdiction because complete diversity jurisdiction was lacking.  Accordingly, under the plain language of § 1631 (and absent any citation to controlling authority directly to the contrary), the Court finds that transfer is not permissible as a matter of law.  Even assuming *arguendo,* however, that transfer is not prohibited by the plain language of the statute, the Court finds, for the reasons set forth below, that Plaintiff's Motion is nonetheless denied for the reason that transfer is not in the interests of justice.

### C.     Whether Transfer is Appropriate in the Interest of Justice

Defendants argue that transfer is not in the "interest of justice" because Plaintiff had no reasonable basis to file the instant action in Ohio.  (Doc. No. 75 at p. 8.)  Defendants note that, although Plaintiff is proceeding *pro se*, she is an attorney with over 30 years of experience in litigation.  (*Id.*)  They argue that, based on the fact that the only connection to Ohio was (at most) three phone calls to Plaintiff regarding the New York litigation, she knew (or reasonably should have known) that personal jurisdiction was lacking in this Court.  (*Id.* at pp. 8-10.) Although acknowledging that two of Plaintiff's claims may be time-barred upon refiling in New York, Defendants assert that transfer is nonetheless inappropriate given the complete lack of any reasonable basis for asserting jurisdiction in this forum.  (*Id.*)

Plaintiff argues that transfer is "demonstrably in the interest of justice," particularly given that two of her three claims would be time-barred if this case is not transferred.  (Doc. No. 76 at p. 4.)  She insists that she "carefully -- with the utmost diligence and good faith – selected Ohio as the forum

15

where she could establish personal jurisdiction." (*Id*. at p. 5.) In this regard, she emphasizes that "nowhere in the Court's extensive analysis is there an express [] statement or even a suggestion that its determination as to the lack of jurisdiction was 'obvious.'" (*Id*. at p. 7.)

One of the factors that courts consider in determining whether transfer is in the interest of justice is whether the decision to initiate the action in the original district was reasonable. For example, in *Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009), the plaintiff was injured in a motor vehicle accident that occurred in Alabama due to the alleged negligence of two defendants, both of whom were residents of Alabama. The plaintiff filed his complaint in the Western District of Kentucky, where he resided. *Id.* at 456. When the defendants moved to dismiss plaintiff's case for lack of personal jurisdiction, plaintiff moved to transfer venue from the Western District of Kentucky to the Northern District of Alabama. *Id.* The Western District of Kentucky court found that it lacked personal jurisdiction over defendants and declined to transfer the matter, explaining that:

> [T]he lawsuit so obviously lacks merit as to jurisdiction over these Defendants that it would be unfair to give Defendants anything less than the complete remedies that they request. That the result of this decision may be the complete loss of Plaintiff's claim[ ] is not a fact which carries particular weight under these circumstances. The "interest of justice" analysis which might permit this court to exercise its discretion by transferring venue should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance.

*Id.* at 467. On appeal, the Sixth Circuit found that the district court did not abuse its discretion in declining to transfer the matter. *Id*. at 456. In so holding, the court found that plaintiff "failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue – and no reason at all for failing to file in the proper district." *Id.* at 458. Moreover, the court was not dissuaded by the fact that plaintiff may have needed to file his complaint promptly in order to avoid statute of

16

limitations issues, finding that necessity "would not justify filing a complaint in what amounts to the nearest federal courthouse." *Id.* Indeed, the court explained:

> [W]e have little hesitation in affirming the district court's order dismissing the plaintiff's complaint for lack of personal jurisdiction over the defendants rather than transferring the case to the district that the plaintiff's attorney undoubtedly knew was the correct one all along. Specifically, we agree with the court's determination that the interests of justice swing against the plaintiff and not in his favor. Although the district court was aware of the possible expiration of the Alabama statute of limitations and took that factor into consideration, the court was within its discretion to hold that the plaintiff, having engaged in the misuse of the court's processes, should not be permitted by means of a transfer to 'resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first place.' Moreover, it is clear that substantial costs to the judicial system, let alone to the defendants, have resulted from this litigation, including the expenditure of resources in the district court and on appeal.

*Id.* at 460.

Like the plaintiff in *Stanifer*, Plaintiff in the instant case has articulated no arguable basis for thinking that this action could properly be brought in federal court in Ohio. As explained in detail in this Court's June 4, 2020 Memorandum Opinion & Order, the only facts pled in support of personal jurisdiction were Defendants Savla and Clark's three recorded phone calls to Plaintiff. (Doc. No. 72 at pp. 21-22.) None of these phone calls formed the basis of either her malicious prosecution, abuse of process, or New York Judicial Law claims. (*Id.* at pp. 25-26.) Plaintiff was unable to plead any other facts connecting any of the Defendants to this State. Given Plaintiff's extensive litigation experience, it was simply not reasonable for her to believe that the instant Court had personal jurisdiction over the Defendants. Moreover, Plaintiff has offered no reason for failing to file the instant action in New York. Each of her three claims are based on the filing of a lawsuit against her in New York, by New York attorneys, on behalf of a New York company. Plaintiff offers no credible explanation for her failure to file in that jurisdiction and, indeed, the Court can conceive of none.

17

Under these circumstances, the Court finds that the interest of justice is better served by dismissal rather than by transfer of this case. *See e.g., Stanifer*, 564 F.3d at 468; *Vargo*, 2020 WL 999793 at * 4-5. *See also* Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3827 at 605 (3d ed.1998) ("[D]istrict courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and [the court decides] that similar conduct should be discouraged."); *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2nd Cir.1992) ("[A] transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986) (penalty of dismissal rather than transfer is not disproportionate where filing in the improper venue was an "elementary" mistake). While the Court is sympathetic that Plaintiff's claims may be precluded in the proper venue due to the statute of limitations, this unfortunate consequence is a result of Plaintiff's own failure to make a reasonable determination regarding the proper jurisdiction for her lawsuit.

In sum, after weighing the public policy of favoring finality of judgments and termination of litigation, the risks of injustice to the parties, and the interests of judicial efficiency, the Court concludes that the interest of justice does not weigh in favor of transfer. Accordingly, Plaintiff's Motion for Reconsideration or for Transfer (Doc. No. 74) is denied.

## IV. Conclusion

For all of the foregoing reasons, Plaintiff's Motion for Reconsideration and to Transfer Venue to the Southern District of New York (Doc. No. 74) is DENIED.

**IT IS SO ORDERED.**

Date: October 26, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE